

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 22, 1969

Honorable J. C. Dingwall　　　　　Opinion No. M-501
State Highway Engineer
Texas Highway Department　　　　Re: Whether the Texas Highway
Austin, Texas　78703　　　　　　　　Department may purchase
　　　　　　　　　　　　　　　　　　　　liability insurance cov-
　　　　　　　　　　　　　　　　　　　　erage for its employees
　　　　　　　　　　　　　　　　　　　　and, if so, the limits of
Dear Mr. Dingwall:　　　　　　　　　such coverage.

　　　　You have requested the opinion of this office, asking
the following specific questions:

　　　　"(1)　Can the Texas Highway Department pur-
chase insurance to provide protection of its em-
ployees for torts covering personal injury or
property damage and can the Comptroller legally
pay the premiums for such insurance coverage
under either H.B. 378 or H.B. 203, Sixty-First
Legislature, R.S., 1969, or both?

　　　　"(2)　What coverage can be purchased and
what limitations exist on the amount of coverage?"

　　　　H.B. 378 (Chap. 212, page 617, Acts of 61st Legislature,
R.S.) was passed on May 1, 1969, and took effect on September 1,
1969.　This statute authorizes the Highway Department to purchase
insurance for its employees for liability arising out of the op-
eration of a broad range of government owned equipment.

　　　　H.B. 203 (Chap. 797, page 2357, Acts of 61st Legisla-
ture, R.S.) was passed on May 29, 1969, and took effect as an
emergency measure on June 14, 1969.　This statute reads, in
part, as follows:

　　　　"Section 1.　The state departments who now
own and operate motor vehicles shall have the

-2397-

power and authority to insure the officers and
employees from liability arising out of the use,
operation and maintenance of automobiles, trucks,
tractors and other power equipment used or which
may be used in the operation of such department.
Such insurance shall be provided by the purchase
of a policy or policies for that purpose from
some liability insurance company or companies
authorized to transact business in the State
of Texas. All liability insurance so purchased
shall be provided on a policy form or forms ap-
proved by the State Board of Insurance as to
form and by the Attorney General as to liability.

"Section 2. In case said department elects
not to so insure its employees against liability
as above mentioned:

"An employee of the State of Texas, in ad-
dition to any compensation provided in the General
Appropriations Act, shall receive as compensation
any sum of money expended by such employee for
automobile liability insurance required of such
employee by the department, agency, commission,
or other branch of the state government for
which such employee is employed."

A close examination of House Bills 378 and 203 reveal
them to be substantially identical, with the exception that
the later act, H.B. 203, is broader in scope, in that it applies
to all State agencies and authorizes employees to be recompensed
for insurance premiums, in certain circumstances. Since H.B.
203 was the last expression of the Legislature, and by its
terms applies to all State agencies that operate powered equip-
ment, we will view the question of the purchase of individual
liability insurance as being controlled by the provisions of
H.B. 203. Ex Parte Maria de Jesus de la O., 227 S.W.2d 215
(Tex.Crim. 1950), affirming Attorney General Opinion No.
V-990 (1950).

The nature of the insurance coverage that may properly
be provided under H.B. 203 is set forth in the statute as
follows:

"Section 1. The state departments who now
own and operate motor vehicles shall have the
power and authority to insure the officers and

Hon. J. C. Dingwall, page 3 (M-501)

> employees from liability arising out of the use,
> operation and maintenance of automobiles, trucks,
> tractors and other power equipment used or which
> may be used in the operation of such department.
> . . . " (Emphasis supplied.)

No special limitation is placed on the liability that may be insured against, and it is our view that insurance may properly be written to cover the customary personal injury and property damage liability.

The provisions of H.B. 203 constitute adequate pre-existing law for the expenditure of funds from available operating accounts of the governmental agencies involved. The Comptroller is authorized to pay the premiums properly arising under H.B. 203.

Therefore, in answer to your first question, you are advised that it is the opinion of this office that the Texas Highway Department may purchase personal injury and property damage insurance coverage for its employees, within the limitations established in H.B. 203, and the Comptroller may legally pay the premiums for such coverage.

With reference to your second question as to the amount of coverage that may be purchased, H.B. 203 has provided no guidelines in this area. The proper amount of coverage has been left to the sound discretion of the governmental agencies involved, and in the event of a court test it is our view that a reasonable exercise of that discretion would be left undisturbed. In this connection we would point out that the Texas Tort Claims Act (codified as Article 6252-19, Vernon's Civil Statutes), effective January 1, 1970, limits governmental liability to $100,000.00 per person and $300,000.00 for any single incident. It is our view that an individual policy of insurance under H.B. 203 that did not exceed those limits would meet the test of reasonableness, provided that in the exercise of discretion the Highway Department finds that such is reasonably necessary.

## S U M M A R Y

The Texas Highway Department may purchase personal injury and property damage insurance coverage for its employees, within the limitations established in H.B. 203 (Acts 61st Leg.,

R.S., 1969, ch. 797, p. 2357), and the Comptroller may legally pay the premiums for such coverage.

H.B. 203 does not establish maximum coverage limits, but leaves the decision to the discretion of the governmental agency.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Alfred Walker
Wardlow Lane
Roger Tyler
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant